## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**CITY OF WAUKESHA,**

    **Plaintiff,**

**v.**                       **Case No. 04-C-487**

**PDQ FOOD STORES, INC.,**

    **Defendant.**

### DECISION AND ORDER

  Plaintiff, a Wisconsin municipality, brought this action under the Comprehensive Environmental Response, Reclamation, and Recovery Act of 1980 ("CERCLA") alleging that defendant's property was contaminated by hazardous materials from an adjacent closed landfill. Plaintiff asserted several claims, including a claim under CERCLA's "citizen suit" provision, 42 U.S.C. § 9659(f), asking me to order defendant to execute a deed restriction and access agreement. The citizen suit provision authorizes courts to award fees under certain circumstances. After considerable back and forth, the parties resolved most of their differences but could not agree on whether defendant would partially reimburse plaintiff for attorney and expert witness fees. That issue is before me now.

### I. BACKGROUND

  Between 1965 and 1972, plaintiff operated a landfill adjacent to defendant's property and since then has, pursuant to state supervision, undertaken clean-up efforts. The State required plaintiff to obtain a deed restriction and access agreement from each abutting property owner barring the placement of a well, requiring maintenance of an imporous surface such as a parking lot, and permitting government officials to enter the property for the purpose of environmental testing and cleaning. Defendant conducted tests on its property and

concluded that only a portion of it was contaminated and offered to enter into a deed restriction and access agreement for that portion of the property. However, the State was not satisfied with defendant's data, and as a result, plaintiff declined defendant's offer. Defendant conducted additional tests. which confirmed its original conclusion. The State accepted the results of these tests, and the parties entered into the agreement that defendant had originally proposed.

## II. JURISDICTION

Defendant argues that I may not award fees because I have never had jurisdiction over plaintiff's citizen suit claim. Under § 9659, a citizen may sue an entity that has violated a "standard, regulation, condition, requirement or order" promulgated pursuant to CERCLA. In order to invoke § 9659, a plaintiff must notify the violator, the United States and, where relevant, the state government, of the CERCLA violation sixty days prior to filing suit. § 9659(d). This requirement is jurisdictional. Alfred R. Light, CERCLA Law and Procedure 177 (1991). The EPA has implemented CERCLA's notice requirement with a rule requiring that a notice:

> include sufficient information to allow the recipient to identify the specific standard, regulation, condition, requirement, or order . . . which has allegedly been violated; the activity or failure to act alleged to constitute a violation; the name and address of the site and facility alleged to be in violation, if known; the person or persons responsible for the alleged violation; the date or dates of the violation; and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 374.3.

Most courts have held that a timely notice which provides actual notice of the alleged violation to the appropriate entities, satisfies the EPA rule. Robin Kundis Craig, Notice Letters and Notice Pleading: The Federal Rules of Civil Procedure and the Sufficiency of Environmental Citizen Suit Notice, 78 Or. L. Rev. 105, 150 (1999); Light, supra, at 177; Lutz

v. Chromatex, Inc., 718 F. Supp. 413, 424 (M.D. Pa. 1989); see also United States (EPA) v. (1) Envtl. Waste Control, Inc., 710 F. Supp. 1172, 1190-91 (N.D. Ind. 1989) (addressing a similar notice provision and reaching the same conclusion). I agree that a notice which timely provides the proper persons with actual notice of a violation of a "standard, regulation, condition, requirement, or order" promulgated under CERCLA is sufficient.

In the present case, plaintiff provided a timely notice to the appropriate parties. The document labeled "notice of intent to sue" was itself insufficient to alert the recipients of plaintiff's citizen suit claim. However, with the notice sent to defendant, plaintiff included a letter outlining the basis for its citizen suit claim – that the State required defendant to execute a deed restriction and access agreement as part of its remedial plan promulgated pursuant to CERCLA. Further, as to the governmental authorities, plaintiff timely supplemented the notice with a letter stating that it would bring a citizen suit against defendant to obtain a deed restriction and access agreement. Taken together, plaintiff's notice and letters timely provided the proper parties with the information required by the EPA rule. Thus, I had jurisdiction over plaintiff's citizen suit claim and I have jurisdiction over its present application for fees.

### III. DISCUSSION

Citing Buckhannon v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001), defendants argue that plaintiff is not a "prevailing party" under CERCLA's fee-shifting provision and thus is not entitled to fees. Buckhannon addressed the fee-shifting provisions of the Fair Housing Amendments Act of 1988 ("FHAA") and the Americans with Disabilities Act of 1990 ("ADA"), both of which authorize courts to award fees and costs to a "prevailing party." Id. at 601. The Buckhannon court rejected the catalyst theory, holding that a plaintiff is a prevailing party only when she achieves some of the relief sought through a

"court-ordered change in the legal relationship between the plaintiff and the defendant." Id. at 604 (internal quotations and citations omitted). It stated that a "defendant's voluntary change in conduct . . . lacks the necessary judicial imprimatur on the change." Id. at 605.

Although Buckhannon's holding applies only to the fee-shifting provisions of the FHAA and the ADA, the Seventh Circuit has indicated that district courts should presume that Buckhannon applies to all fee-shifting statutes unless the "text, structure or legislative history" of a particular statute calls for a different definition. T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469, 475 (7th Cir. 2003). Although the text of § 9659(f) differs from that of the FHAA and the ADA in that it refers a prevailing or "substantially prevailing party," I am unaware of any authority suggesting that this difference is significant. See Tax Track Sys. Corp. v. New Investor World, Inc., 478 F.3d 783 (7th Cir. 2007) ("[W]e see little distinction in meaning between a 'prevailing party' and a 'substantially prevailing' one"). Further, plaintiff has not pointed to anything in the structure or legislative history of § 9659(f) suggesting that Congress intended the provision to have a different meaning than that announced in Buckhannon. And while scholars have expressed concern that applying Buckhannon to CERCLA could weaken CERCLA, they have assumed that it applies. See, e.g., Lucia A. Silecchia, The Catalyst Calamity: Post-Buckhannon Fee-Shifting in Environmental Litigation and a Proposal for Congressional Action, 29 Colum. J. Envtl. L. 1 (2004); Nathan A. Steimel, Note: Congress Should Act to Define "Prevailing Party" to Ensure Citizen Suits Remain Effective in Environmental Regulation; Sierra Club v. City of Little Rock, 11 Mo. Envtl. L. & Pol'y Rev. 282 (2004). Thus, it appears that Buckhannon applies to the present case and because I have not issued an order changing the parties' legal relationship, plaintiff has not prevailed.

Even assuming that plaintiff could recover under the catalyst theory, plaintiff has not presented evidence sufficient to convince me that it would be entitled to do so. Under the

-4-
Case 2:04-cv-00487-LA   Filed 04/23/07   Page 4 of 5   Document 110

catalyst theory, a plaintiff prevails if "(1) the claim was at least colorable, and not groundless; (2) the lawsuit was a substantial rather than insubstantial cause of the defendant's change in conduct; and (3) the defendant's change in conduct was motivated by the plaintiff's threat of victory rather than the threat of expense." Palmetto Props., Inc. v. County of Dupage, 375 F.3d 542, 548 n.9 (7th Cir. 2004). The direct cause of the resolution of this case appears to be the change of heart on the part of the State, a nonparty, concerning its willingness to accept a deed restriction and access agreement that was more limited than the one plaintiff was asking for pursuant to this suit. Further, even if the present suit motivated or partially motivated defendant to conduct additional testing on its property, such testing led to the State's acquiescence and such acquiescence could be considered a victory for plaintiff, plaintiff has not rebutted defendant's statement that defendant took any actions that it did in order to avoid the expense of litigation and not because of the merits of plaintiff's claims.

## IV. CONCLUSION

I understand that plaintiff does not intend to further prosecute this action. However, plaintiff has not moved to dismiss. Thus, I will dismiss the case with prejudice in twenty days unless plaintiff advises me why I should not do so.

Therefore,

**IT IS ORDERED** that plaintiff's motion for summary judgment is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2007.

BY THE COURT:

s/Lynn Adelman
LYNN ADELMAN
District Judge